# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID ALMOUSA, | 1:07-cv-00135-OWW-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ALBERTO GONZALEZ, et.al., | [Doc. 1] |
| Respondents. | |

Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

PROCEDURAL BACKGROUND

In the petition filed on January 24, 2007, Petitioner claims Respondent lacks the statutory authority to detain him indefinitely.   He also contends that his indefinite detention violates his substantive and procedural due process rights guaranteed under the United States Constitution. He further contends that Respondent's current detention of Petitioner is punitive in nature and constitutes punishment without due process of law.

Petitioner challenged the order of removal by filing a petition for review in the United States Court of Appeals for the Ninth Circuit, and obtained a stay of removal in conjunction with

that petition. *See* Ninth Circuit Docket No. 06-70638.[1]

Respondent filed a response to the instant petition on June 13, 2007, and Petitioner filed a traverse on July 9, 2007. (Court Docs. 10 & 11.)

## FACTUAL BACKGROUND

Petitioner is a native and citizen of Saudi Arabia who was ordered removed on October 4, 2005. Petitioner sought administrative review before the Board of Immigration Appeals ("Board"), which was denied on January 18, 2006. Petitioner then filed the petition for review in the Ninth Circuit, docket number 06-70638, challenging the Board's decision.

ICE attempted to remove Petitioner on March 2, 2006; however, because of Petitioner's behavior at the airport, the airline representative refused to issue him a ticket. Petitioner thereafter filed a request for stay of removal in conjunction with his appeal pending at the Ninth Circuit, which was granted.

Pursuant to Title 8 of the United States Code section 1231(a)(1)(C), ICE conducted a post-order detention custody review on May 24, 2007, and found that Petitioner was to remain in ICE detention because the delay is due to the stay issued by the Ninth Circuit, and a travel document is likely to issue upon conclusion of judicial review. (Attachment A, to Response.) In addition, it was determined that based on Petitioner's history of combative behavior against law enforcement officers he was an unacceptable risk of flight and danger to the community. (Id.)

## DISCUSSION

A.   Jurisdiction

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas corpus proceedings pursuant to § 2241 remain available as a forum for statutory and constitutional challenges to the authority of the Attorney General to order post-removal-period detention; in

---

[1] In fact, on March 5, 2008, the Ninth Circuit, issued a limited remand to the BIA "to consider whether, as a matter of law, individuals under twenty-one years of age are minors under 8 C.F.R. § 1208.4(a)(5)(ii)." Al-Mousa v. Mukasey, 518 F.3d 738, 739 (9th March 5, 2008). The Court reasoned that "[i]f the agency determines Al-Mousa was a minor at the time of his application, this disability may provide an exception, also forgiving failure to exhaust his claim." Id. at 740.
   A petition for rehearing is currently pending before the Ninth Circuit Court of Appeals. (See Court Docket, Case No. 06-70638.)

such a proceeding, the petitioner is not seeking review of the Attorney General's exercise of discretion, but rather is challenging the extent of the authority to detain under the statute, which is not a matter of discretion. Zadvydas v. Davis, 533 U.S. 678, 688 (2001); Magana Pizano v. Immigration and Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999). Accordingly, the Court has subject matter jurisdiction over this action.

With respect to jurisdiction over the person, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). It is sufficient if the custodian is within the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Review of the petition shows that Petitioner is detained in the Kern County Jail located in Bakersfield, California. Bakersfield is within the territorial jurisdiction of this Court.

B.   Exhaustion of Administrative Remedies

Exhaustion of administrative remedies before seeking relief from the federal courts is required where Congress specifically mandates it; however, when Congress has not clearly required exhaustion, the necessity of exhaustion is entrusted to sound judicial discretion. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (holding exhaustion of a prison grievance procedure unnecessary before a federal prisoner brought a Bivens action seeking only monetary damages, superseded by statutory amendment as noted in Booth v. Churner, 532 U.S. 731, 738 (2001)). Even if exhaustion is not mandated, judicially fashioned principles of exhaustion should be consistent with congressional intent and the applicable statutory scheme. McCarthy v. Madigan, 503 U.S. at 144.

1           Petitioner has fully exhausted her administrative remedies. She has appealed to the Board
2    of Immigration Appeals, the highest administrative level.
3    C.      <u>Authority to Detain Petitioner</u>
4           Respondent argues that Petitioner is subject to a final order of removal and is therefore
5    subject to the detention and removal provisions of 8 U.S.C. § 1231(a)(2).  However,
6    Respondent's argument has just recently been rejected by the Ninth Circuit Court of Appeals in
7    <u>Prieto-Romero v. Clark</u>, __ F.3d __, No. 07-35458, 2008 WL 2853396 (9th Cir. July 25, 2008).[2]
8    There, reading from the plain language of both sections, the Ninth Circuit held that detention in
9    such circumstance is authorized only by § 1226(a).  <u>Id</u>. at *3.
10          Title 8 U.S.C. § 1231(a)(1) provides generally that except as otherwise provided in that
11   section, when an alien is ordered removed, the Attorney General shall remove the alien from the
12   United States within a period of ninety days, the "removal period." Section 1231(a)(2) provides
13   that "[d]uring the removal period, the Attorney General shall detain the alien." However, in
14   § 1231(a)(1)(B), the statute states the removal period does not begin to run until the date of a
15   reviewing court's final order "[i]f the removal order is judicially reviewed and if a court orders a
16   stay of the removal of the alien."   In this instance, because Petitioner has sought review in the
17   Ninth Circuit (who issued a stay of removal) and that Court has not yet issued a final order, the
18   removal proceedings have not yet begun.  Therefore, contrary to Respondent's contention, a plain
19   reading of this section appears to apply only during and beyond the removal period.  "The statute
20   makes clear that when a court of appeals issues a stay of removal pending its decision on an
21   alien's petition for review of his removal order, the removal period begins only after the court
22   denies the petition and withdraws the stay of removal." <u>Prieto-Romero v. Clark</u>, 2008 WL
23   2853396 *3.
24          To the contrary, section 1226(a) provides that "an alien may be arrested and detained
25   pending a decision on whether the alien is to be removed from the United States[,]" which
26
27          [2] As noted in <u>Prieto-Romero</u>, "The distinction has real consequences for the alien, because detention under
28   § 1231(a)(2), for example, is mandatory but limited to a set period of time, whereas detention under § 1226(a) is
     discretionary and the necessity of detention can be reviewed by an IJ and the BIA.[fn]" <u>Prieto-Romero v. Clark</u>,
     2008 WL 2853396 * 3.

4

authorizes detention in this instance during the removal order review process. Prieto-Romero v. Clark, 2008 WL2853396 * 3. This section allows the Attorney General to detain an alien "pending a decision on whether the alien is to be removed from the United States." Id. Under 1226(a), the Attorney General has discretion to determine whether an alien should be arrested and detained, or released on bond or otherwise, pending removal proceedings. In this case, it was determined that Petitioner would be detained without bond pending his removal from the country.

In Prieto-Romero, the Ninth Circuit found that detention under § 1226(a) is still applicable to the holding in Zadvydas v. Davis, and indefinite detention is not authorized. 2008 WL 2853396 * 6. In Zadvydas v. Davis, in order to avoid serious doubts as to the constitutionality of § 1231(a)(6), the Court interpreted it not to permit indefinite detention, but rather to limit an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. Id. at 688-89. The Court determined that aliens who had been ordered removed had a liberty interest in being released subject to supervision which was strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent. Id. at 696. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. Id. at 699. The authority of the government to detain is thus coextensive with the reasonable likelihood of removal, and the question of the extent of that authority is for the federal judiciary to decide in proceedings pursuant to 28 U.S.C. § 2241(c)(3). Id. In order to further uniform administration in the federal courts and to limit the frequency with which courts would be faced with difficult judgments regarding matters which are the subject of executive expertise, the Court adopted six months as a period within which detention is presumptively reasonable. Id. at 701. The Court instructed:

> After this [six]-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This [six]-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been

determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

In this circumstance, "the Attorney's General's detention authority under § 1226(a) [is] limited to the 'period reasonably necessary to bring about [an] alien's removal from the United States,' even if continued detention in any particular litigant's case would not pose a constitutional problem." Prieto-Romero, 2008 WL 2853396 * 7 (citing Zadvydas, at 689; see also Clark v. Martinez, 543 U.S. 371, 381 (2005). Petitioner is a native and citizen of Saudi Arabia and has been in immigration detention since June 7, 2005, approximately three years and two months. Administrative review was concluded on January 18, 2006, and the Ninth Circuit's stay of deportation has been in place since June 7, 2006. Here, as in Prieto-Romero, although Petitioner's removal has no doubt been delayed by further judicial review of his final removal order, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in Zadvydas were." Unlike in Zadvydas, in this instance, there is no evidence that Petitioner cannot be removed to his native country. Indeed, the government can repatriate him to the Saudi Arabia, ICE is in possession of expired travel documents, and it is therefore very likely that the government of Saudi Arabia will re-issue travel documents for Petitioner to return to that country. Petitioner presents no evidence to the contrary.

Prieto-Romero dispelled any argument that the current detention is contrary to the holding in Nadarajah v. Gonzales, 443 F.3d 1069, 1078 (9th Cir.2006), where the Ninth Circuit concluded that, consistent with Zadvydas, the general immigration statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period, and finding as in this instance "[j]udicial review, unlike the administrative process the government invoked in *Nadarajah*, is subject to strict procedural rules.[fn]" Prieto-Romero v. Clark, 2008 WL at 2853396 * 8.

Moreover, the Attorney General has exercised his discretionary authority to continue to detain Petitioner without the benefit of release on bond. With respect to judicial review of this decision, section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the

grant, revocation, or denial of bond or parole.

Therefore, the Attorney General's decision to detain Petitioner without granting release on bond is a "discretionary judgment" that is not reviewable by this Court. See Prieto-Romero v. Clark, 2008 WL 2853396 * 2; see also Demore v. Kim, 538 U.S. 510 (2003) (the Supreme Court ruled that the Government could require that an alien be detained for the brief period necessary for his removal proceedings, without providing an individualized determination as to whether he presents a flight risk, and thus the detention of the alien, pursuant to the no-bail provision of the INA, does not violate his due process rights under the Fifth Amendment).  However, even if detention is authorized by statute, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" Prieto-Romero v. Clark, 2008 WL 2853396 * 9 (citing Zadvydas, 533 U.S. at 690-91 (internal quotations marks omitted.))

In this instance, Petitioner was provided a post-order detention custody review on June 1, 2007, and it was found that detention was necessary, in part, due to Petitioner's criminal history deeming him an unacceptable flight risk.  Further custody review was scheduled for one year later, or upon the Ninth Circuit's conclusion of review. See Appendix A, attached to Response, Court Doc. 10.[3]

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.	The instant petition for writ of habeas corpus be DENIED; and,

2.	The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with

---

[3] Although in Prieto-Romero, 2008 WL the Ninth Circuit noted that when detention is authorized by § 1226(a), the IJ should look to the factors outlined in Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006), to determine whether alien should be detained, instead of, as was done in this instance, 8 C.F.R. § 241; any error, in this instance, was harmless because both sections list "risk of flight" as a factor to determine eligibility for release.

1  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
3  and filed within ten (10) court days (plus three days if served by mail) after service of the
4  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
5  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
6  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
7  Cir. 1991).
8  IT IS SO ORDERED.
9  **Dated:   August 11, 2008**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE