# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID ALMOUSA, | 1:07-cv-00135-OWW-SMS (HC) |
| Petitioner, | ORDER MODIFYING FINDINGS AND RECOMMENDATION AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS, UNLESS PETITIONER IS PROVIDED HEARING WITHIN SIXTY DAYS |
| v. | |
| ALBERTO GONZALEZ, et.al., | [Doc. 12] |
| Respondents. | |

Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 11, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On August 12, 2008, Respondent filed timely objections to the Findings and Recommendation. (Court Doc. 13.) On September 12, 2008, Petitioner filed objections to the Findings and Recommendation. (Court Doc. 14.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's

1

objections, the Court finds that the Magistrate Judge's Findings and Recommendation must be modified to reflect recent developments in the law by the Ninth Circuit Court of Appeals.

As pointed out by Respondent, on the same day that the Ninth Circuit issued <u>Prieto-Romero v. Clark</u>, 534 F.3d 1053 (9th Cir. 2008), it also issued <u>Casas-Castrillon v. Dept. of Homeland Security</u>, 535 F.3d 942 (9th Cir. 2008).

As stated in the Findings and Recommendation, Petitioner is being detained pursuant to section 1226(a), which provides that "an alien may be arrested and detained pending a decision on whether the alien is to removed from the United States." Section 1226(a) grants the Attorney General discretion to determine whether an alien should be arrested and detained, or released on bond or otherwise, pending removal proceedings. However, the Ninth Circuit in <u>Prieto-Romero</u> found that § 1226(a), like § 1231(a)(6), does not authorize *indefinite detention*. Consistent with <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Attorney General's detention authority under § 1226(a) is limited to the "period reasonably necessary to bring about [an] alien's removal from the United States." <u>Prieto-Romero</u>, 534 F.3d at 1063, *quoting* <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689 (2001).

In this case, Petitioner has been continuously detained since June 7, 2005. This lengthy detention period is certainly a prolonged period of time. Nevertheless, the Court finds Petitioner's detention to be authorized under § 1226(a), because Petitioner's removal is reasonably foreseeable. Like the petitioner in <u>Prieto-Romero</u>, "[a]lthough [Petitioner's] removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo." 534 F.3d at 1063. There is no evidence that Petitioner is unremovable because his home country of Saudi Arabia will not accept him. As soon as the judicial review process is complete, there is no reason to believe Petitioner will not be promptly removed. As in <u>Prieto-Romero</u>, Petitioner's detention is not indefinite and potentially permanent; rather, his removal is reasonably foreseeable. Therefore, his detention is consistent with <u>Zadvydas</u> and authorized by § 1226(a). See also <u>Casas-Castrillon v. Dept. of Homeland Security</u>, 535 F.3d 942, 949 (9th Cir.2008) ("[T]here is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief

from removal, that prevents [the detainee's] removal . . . . Accordingly, we hold that the government retains an interest in 'assuring [the detainee's] presence at removal,' and his continued detention remains authorized by Congress."); Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir.2006); Sobranes v. Comfort, 388 F.3d 1305, 1311 (10th Cir.2004).

Nevertheless, as recognized by Respondent, even if Petitioner's continued detention is authorized, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" Prieto-Romero, 534 F.3d at 1065, *quoting* Zadvydas, 533 U.S. at 690-91. In Casas-Castrillon, the Ninth Circuit held that "the government may not detain a legal permanent resident . . . for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention." 535 F.3d at 949. The Court further stated that "prolonged detention of aliens is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention." Id. at 951. The Court construed § 1226(a) as *requiring* the Attorney General to provide the alien with a hearing and release Petitioner on bond unless the "government establishes that he is a flight risk or will be a danger to the community." Id., *quoting* Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir.2005).

In this case as in Casas-Castrillon, it cannot be ascertained from the record whether Petitioner has been afforded an adequate opportunity to challenge the necessity of his detention. The only evidence in the record shows Petitioner was provided a file review on June 1, 2007. The extent of Petitioner's participation in the file review is unclear and it is not known whether he was given the opportunity to challenge the necessity of his detention. Therefore, consistent with Casas-Castrillon, this Court recommends that the writ be granted, unless the government provides Petitioner with "'a hearing . . . before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community,' or shows that he has already received such a bond hearing." 535 F.3d at 952, *quoting*, Tijani, 430 F.3d at 1242.

Accordingly, IT IS HEREBY ORDERED that:

1.    The Findings and Recommendation are ADOPTED, as MODIFIED herein; and,

2.    The petition for writ of habeas corpus be GRANTED unless, within 60 days, the government provides Petitioner with a hearing before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community, or shows that he has already received such a bond hearing; and, Respondent shall file a status report with such information within 60 days from the date of service of this order.

IT IS SO ORDERED.

**Dated:**  **October 20, 2008**        /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE