# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID ALMOUSA,<br><br>      Petitioner,<br><br>  v.<br><br>ALBERTO GONZALEZ, et.al.,<br><br>      Respondents.<br>_____/ | 1:07-cv-00135-OWW-SMS (HC)<br><br>ORDER DISMISSING THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS AS MOOT IN LIGHT OF RELEASE ON BOND<br><br>[Doc. 16] |

       On October 21, 2008, the undersigned issued an order conditionally granting the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 unless the Department of Homeland Security provided Petitioner with a bond hearing within sixty days.

       On November 10, Respondent submitted a notice indicating that a bond hearing was conducted on November 10, 2001, and Petitioner was released on bond. (Court Docs. 16, 17.) Because Petitioner is no longer in custody, the case is moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183

1  (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of
2  the litigants before them" <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971)
3  *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-
4  464 (1937).  Because the case is moot, it is HEREBY ORDERED that the instant petition is
5  DISMISSED.
6  IT IS SO ORDERED.
7  **Dated:    November 19, 2008**              /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE